| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alan S. Wolf, Bar No. 94665<br>Caren Jacobs Castle, Bar No. 93888<br><br>Joely K. L. Bui, Bar No. 283179<br>Daniel K. Fujimoto, Bar No. 158575<br>The Wolf Firm, A Law Corporation<br>2955 Main Street, Second Floor<br>Irvine, CA 92614<br>Telephone: (949) 720-9200<br>Fax: (949) 608-0128<br>Email: wdk@wolffirm.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA** LOS ANGELES DIVISION

| In re:<br>Manuel Gonzalez<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-13272-WB<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| | DATE: 6/23/2015<br>TIME: 10:00 am<br>COURTROOM: 1375 |

**Movant:** Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-3, Asset-Backed Certificates, Series 2005-3

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    6401-33903                                      Page 1                                      **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 5/29/2015

The Wolf Firm, A Law Corporation
Printed name of law firm (if applicable)

Caren Jacobs Castle
Printed name of individual Movant or attorney for Movant


/s/  Caren Jacobs Castle
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903                    Page 2                    F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   - ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.
   - ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.
   - ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.
   - ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 11886 Van Port Avenue
   *Unit/suite number*:
   *City, state, zip code*: Sylmar, CA 91342

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __1__):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __1/30/2012__.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☒ A plan, if any, was confirmed on (*date*) __3/26/2012__.

4. **Grounds for Relief from Stay**:

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903    Page 3    F 4001-1.RFS.RP.MOTION

  (3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
      ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

  (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

  (5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

  (6) ☒ For other cause for relief from stay, see attached continuation page.

 b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

 c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

 d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

  (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

  (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

 a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

 b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

 c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

 a. The REAL PROPERTY DECLARATION on page 6 of this motion.

 b. ☐ Supplemental declaration(s).

 c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

 d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    6401-33903    Page 4    **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or   ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or   ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☐ If relief from stay is not granted, adequate protection shall be ordered.

13. ☒ See attached continuation page for other relief requested.

Date: 5/29/2015

The Wolf Firm, A Law Corporation
Printed name of law firm (*if applicable*)
Caren Jacobs Castle
Printed name of individual Movant or attorney for Movant

/s/ Caren Jacobs Castle
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903    Page 5    F 4001-1.RFS.RP.MOTION

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____Lisbeth Black_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a. ☐ I am the Movant.

    b. ☐ I am employed by Movant as (*state title and capacity*):

    c. ☒ Other (*specify*):     **Document Control Officer**

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3. The Movant is:

    a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _1&3_.

    c. ☐ Servicing agent authorized to act on behalf of the:

        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (*specify*):

4. a. The address of the Property is:

    *Street address:* 11886 Van Port Avenue
    *Unit/suite no.:*
    *City, state, zip code:* Sylmar, CA 91342

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   05-1463167. Los Angeles County.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     6401-33903     Page 6     F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence
   b. ☒ Other residence
   c. ☐ Multi-unit residential
   d. ☐ Commercial
   e. ☐ Industrial
   f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner
   b. ☒ Co-owner(s) (*specify*): Carlos Mario Gonzalez and Manuel Gonzalez as joint tenants
   c. ☐ Lienholder (*specify*):
   d. ☐ Other (*specify*):
   e. ☒ The Debtor ☐ did ☒ did not list the Property in the Debtor's schedules.
   f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) 08/06/2012 .

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 1 .
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 2 .
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 3 .

8. Amount of Movant's claim with respect to the Property:

   |   |   | PREPETITION | POSTPETITION | TOTAL |
   | --- | --- | --- | --- | --- |
   | a. | Principal: | $ | $ | $ 291,491.36 |
   | b. | Accrued interest: | $ | $ | $ 116,708.50 |
   | c. | Late charges: | $ | $ | $ 0.00 |
   | d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 5,271.27 |
   | e. | Advances (property taxes, insurance): | $ | $ | $ 53,529.41 |
   | f. | Less suspense account or partial balance paid: | $[         ] | $[         ] | $[         ] |
   | g. | TOTAL CLAIM as of (*date*): 04/01/2015 | $ 0.00 | $ 0.00 | $ 467,000.54 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 02/09/2009 or ☐ none recorded.
   b. Notice of sale recorded on (*date*) 12/08/2009 or ☐ none recorded.
   c. Foreclosure sale originally scheduled for (*date*) 12/24/2009 or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.
   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903    Page 7    F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

   b. Number of payments that have come due and were not made: _____. Total amount: $_____

   c. Future payments due by time of anticipated hearing date (*if applicable*):
      An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d. The fair market value of the Property is $_____, established by:
      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.
      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.
      (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.
      (4) ☐ Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   | | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
   |---|---|---|---|
   | 1st deed of trust: | | $ | $ |
   | 2nd deed of trust: | | $ | $ |
   | 3rd deed of trust: | | $ | $ |
   | Judgment liens: | | $ | $ |
   | Taxes: | | $ | $ |
   | Other: | | $ | $ |
   | **TOTAL DEBT:** $ 0.00 | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:
      (1) ☐ Preliminary title report.
      (2) ☐ Relevant portions of the Debtor's schedules.
      (3) ☐ Other (*specify*):

   g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $0.00_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903    Page 8    F 4001-1.RFS.RP.MOTION

    i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

    j. ☐ The fair market value of the Property is declining because:

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

    a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

    b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

    c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

    d. Postpetition advances or other charges due but unpaid:      $
(*For details of type and amount, see Exhibit _____*)

    e. Attorneys' fees and costs:      $
(*For details of type and amount, see Exhibit _____*)

    f. Less suspense account or partial paid balance:      $[           ]

         TOTAL POSTPETITION DELINQUENCY:      $         0.00

    g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

    h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

         $_____ received on (*date*) _____
         $_____ received on (*date*) _____
         $_____ received on (*date*) _____

    i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     6401-33903     Page 9     **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name: Manuel Gonzalez and Elsa Lorena Gonzalez
         Chapter: 13    Case number: 2:09-bk-47084-VZ
         Date filed: 12/31/2009    Date discharged: _____    Date dismissed: _____
         Relief from stay regarding the Property ☒ was ☐ was not granted.

      2. Case name: Manuel Gonzalez
         Chapter: 13    Case number: 12-55778
         Date filed: 08/01/2012    Date discharged: _____    Date dismissed: 09/25/2012
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      3. Case name: Manuel Sandoval Gonzalez and Andrea Michelle Gonzalez
         Chapter: 13    Case number: 6:13-bk-28117-MJ
         Date filed: 11/02/2013    Date discharged: _____    Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

      ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

05|18|2015          Lisbeth Black                                    _/s/ Lisbeth Black_
Date                Document Control Officer                          Signature
                    Select Portfolio Servicing, Inc.
                    Printed name

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    6401-33903                    Page 11                    F 4001-1.RFS.RP.MOTION

# CONTINUATION PAGE FOR MOTION FOR RELIEF FROM STAY: FACTS ESTABLISHING THE BANKRUPTCY WAS USED AS PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD

Movant presents the following facts to show that Debtor's/Debtors' bankruptcy was used as part of a scheme to hinder, delay, and thwart Movant's foreclosure proceedings:

1. On June 13, 2005, Carlos Mario Gonzalez (hereinafter "Borrower") made and delivered to Long Beach Mortgage Company a Promissory Note secured by a Deed of Trust encumbering real property commonly known as 11886 Van Port Avenue, Sylmar, CA 91342 ("Property").

2. There was a default under the terms of the Note and Deed of Trust. On February 9, 2009, a Notice of Default and Election to Sell was recorded.

3. On December 8, 2009, a Notice of Sale was recorded with the foreclosure sale scheduled for December 24, 2009.

4. On December 24, 2009, Movant placed the sale on a Moratorium hold.

5. On August 6, 2012, a grant deed was recorded in the Los Angeles County Recorder's office whereby Borrower purported to transfer interest in the Property to Carlos Mario Gonzalez and Manuel Gonzalez as joint tenants. A copy of the unauthorized Grant Deed is attached hereto as **Exhibit 4** and incorporated herein by reference.

6. At the time the above referenced grant deed was recorded, Manuel Gonzalez and Elsa Lorena Gonzalez were in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number 2:09-bk-47084-VZ. Movant filed a Motion for Relief from the Automatic Stay on December 13, 2013. The hearing was held on January 7, 2014 and Movant was granted relief by the Court. The Order was entered December 30 2013, and recorded on January 10, 2014. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as **Exhibit 5** and incorporated herein by reference.

|  |  |
|---|---|
| 1 | 7. On August 1, 2012, Manuel Gonzalez filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number 12-55778. The case was dismissed on September 25, 2012, and terminated on October 17, 2012. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as **Exhibit 6** and incorporated herein by reference. |

8. On November 2, 2013, Manuel Sandoval Gonzalez and Andrea Michelle Gonzalez filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number 6:13-bk-28117-MJ. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as **Exhibit 7** and incorporated herein by reference.

11. On January 30, 2012, the Debtor, Manuel Gonzalez, filed the instant voluntary petition under Chapter 13 of the United States Bankruptcy Code.

- 2 -

CONTINUATION PAGE FOR MOTION FOR RELIEF FROM STAY: FACTS ESTABLISHING THE BANKRUPTCY WAS USED AS PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD

6401-33903

## CONTINUATION PAGE FOR PARAGRAPH #13 ON PAGE 5 OF MOTION FOR RELIEF: OTHER RELIEF REQUESTED

Multiple bankruptcy filings and/or transfers of interest in the subject property are being done as part of a bad faith scheme for the sole purpose of thwarting Movant's foreclosure proceedings. Pursuant to *In re Aheong*, Movant respectfully requests that the Court allow the Motion for Relief from the Automatic Stay to be heard in the event of dismissal for the purpose of granting in rem relief under 11 U.S.C. Section 362(d)(4). *Aheong v. Mellon Mortg. Co. (In Re Aheong)*, 276 B.R. 233, (B.A.P. 9th Cir. 2002).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2955 Main Street, Second Floor, Irvine, California 92614

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __5/29/2015__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Counsel: Carrissa M Villalobos     notices@cvlegalsolutions.com
U.S. Trustee: United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Chapter 13 Trustee: Nancy K Curry (TR)     ecfnc@trustee13.com

☐ Service information continued on attached page

**2.**  **SERVED BY UNITED STATES MAIL**:
On (*date*) __5/29/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Manuel Gonzalez, 1500 Wimbledon Ct , West Covina, CA 91791 (U.S. Mail)
Judge: Honorable Julia W. Brand, Roybal Federal Building, 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012-3332 (U.S. Mail)
Original Borrower: Carlos Mario Gonzalez,  11886 Van Port Avenue, Sylmar, CA 91342 (U.S. Mail)

☐ Service information continued on attached page

**3.**  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/29/2015 | Hannah Fu | /s/Hannah Fu |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014  6401-33903                                    Page 12                                    **F 4001-1.RFS.RP.MOTION**